**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                                **CRIMINAL ACTION**

**VERSUS**                                                  **NO. 13-125**

**CATHY ROSS VINNETT**                                      **SECTION "B"(4)**

**ORDER AND REASONS**[*]

**I. NATURE OF THE MOTION AND RELIEF SOUGHT**

Before the Court is Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct her Sentence. (Rec. Doc. 117). The Government opposes Petitioner's Motion. (Rec. Doc. 123). As grounds for her § 2255 Motion to Vacate, Set Aside or Correct her Sentence, Petitioner claims that she was denied effective assistance of counsel in violation of the Sixth Amendment, and that her sentence constitutes an "illegal sentence" pursuant to 18 U.S.C. § § 3551(A) and 3553(B). (Rec. Doc. 117-1). For the reasons set forth below, **IT IS ORDERED** that Petitioner's Motion for Reconsideration is **DENIED** as it pertains to her claims of ineffective assistance of counsel and improper sentencing.

**II. FACTS AND PROCEDURAL HISTORY**

From on or about December 12, 2008, and continuing to on or about June 1, 2009, in the Eastern District of Louisiana and elsewhere, Petitioner knowingly and willfully entered into an

---

[*] We are grateful for work on this case by Maja Sherman, a Tulane University Law School extern with our Chambers.

agreement, a combination, and a conspiracy with her co-conspirator and daughter, Lashanda Vinnett, to defraud the IRS by obtaining and aiding to obtain the payment and allowance of false, fictitious, and fraudulent claims for tax refunds. (Rec. Doc. 16 at 2). On May 30, 2013, Petitioner was indicted with her co-conspirator and daughter, Lashanda Vinnett, in the Eastern District of Louisiana with Conspiracy to Defraud the United States with Respect to Claims in violation of 18 U.S.C. § 286.(Rec. Doc. 16).

On June 16, 2014, at trial, Petitioner pled guilty to Conspiracy to Defraud the United States with Respect to Claims in violation of 18 U.S.C. § 286. (Rec. Doc. 75). In the Presentence Report (PSR), the Office of U.S. Probation noted that Petitioner had six prior arrests. (Rec. Doc. 86 at 11-12). Probation calculated a sentencing Guideline range of 33 to 41 months. (Rec. Doc. 86 at 17). On October 1, 2014, this Court sentenced Petitioner to a guideline sentence of 41 months imprisonment. (Rec. Doc. 90 at 2).

After Petitioner's conviction, Petitioner did not file a notice of appeal or attempt to appeal her conviction or her sentence to the United States Court of Appeals for the Fifth Circuit. On November 29, 2015, Petitioner filed the instant Motion in the United States District Court for the Eastern District of

Louisiana to Vacate, Set Aside, or Correct a Sentence, pursuant to 28 U.S.C. § 2255. (Rec. Doc. 117 at 1).

## III. CONTENTIONS OF MOVANT

Petitioner asserts that she was not adequately represented by trial counsel and that she was therefore "deprived of a crucial defense." (Rec. Doc. 117 at 1). Petitioner asserts that an "important issue of fact was not fully developed at the [Petitioner's] sentencing hearing." (Rec. Doc. 117 at 1). Specifically, Petitioner argues that her sentence should be vacated on the basis of her counsel's ineffective assistance of counsel in violation of the Sixth Amendment, and "illegal sentencing" pursuant to 18 U.S.C. § 3551(A) and 3553(B).(Rec. Doc. 117-1 at 1). Petitioner does not cite any legal authority in support of her assertion that her sentence is "illegal" and in excess of the Sentencing Guidelines. (Rec. Doc. 117).

## IV. CONTENTIONS OF OPPOSITION

The Government opposes Petitioner's § 2255 Motion for Reconsideration for several reasons. First, the Government asserts Petitioner's claim that she received ineffective assistance of counsel is meritless because during Petitioner's arraignment she told the Court that she was "satisfied" with her counsel's representation. Second, the Government argues that Petitioner has failed to establish (1) the cause for procedural default and (2) actual prejudice resulting from the error, both of which are

3

required when raising a constitutional or jurisdictional issue for the first time on collateral review. Third, the Government argues that Petitioner's sentence was within the recommended Guideline range pursuant to 18 U.S.C. § 286.[1] Finally, the Government asserts that Petitioner is not entitled to an evidentiary hearing on her Motion because, within the context of a § 2255 Motion, an evidentiary hearing is held only when the defendant has alleged sufficient facts that, if proven, would justify the relief sought. Here, the Government asserts that Petitioner has failed to put forth any disputed material facts. For these reasons, the Government argues that Petitioner's § 2255 Motion should be denied.

## V. STANDARD OF LAW

### i. Ineffective Assistance of Counsel

The United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). Within the context of a § 2255 Motion alleging ineffective assistance of counsel, "the petitioner has the burden of proof." *United States v. Chavez*, 193 F.3d 375, 378 (5th Cir. 1999). A showing of ineffective assistance of counsel requires that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. Counsel's deficient

---

[1] The Government notes that Petitioner did not object to her 41 month sentence, nor did she appeal her sentence to the Fifth Circuit. (Rec. Doc. 123 at 8).

4

performance must be determined by establishing that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. To prove the prejudice prong of the *Strickland* test, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The prejudice inquiry also requires a determination as to "whether counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair." *Magnum v. Hargett*, 67 F.3d 80, 85 (5th Cir. 1995). "Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim for ineffective assistance of counsel." *Strickland*, 466 U.S. at 700. Thus, a court need not address both parts of an ineffective assistance of counsel claim if the defendant fails to make a sufficient showing of one part of the *Strickland* test.

For the purposes of federal habeas review, judicial scrutiny of counsel's performance "must be highly deferential." *Id.* at 689. *Strickland* directed that "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentencing." *Id.* Additionally, "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was

5

unreasonable." *Id.* Thus, "[a] fair assessment of [counsel's] performance requires every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* The Fifth Circuit has explained that, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Martinez v. Dretke*, 404 F.3d 878, 885 (5th Cir. 2005) (quoting *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)).

### ii. Improper Sentencing

When a defendant raises a constitutional issue, such as "illegal" or improper sentencing for the first time on collateral review, he or she must demonstrate (1) cause for the procedural default, and (2) that actual prejudice resulted from the error. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)). "This cause and actual prejudice standard present[s] 'a significantly higher hurdle' than the 'plain error' standard" applied by the Fifth Circuit on direct appeal. *Shaid*, 937 F.2d at 232 (citing *Frady*, 456 U.S. at 166). The purpose of the cause and prejudice standard is to "ensure that final judgments command respect and that their binding effect does not last only until 'the next in a series of

6

endless postconviction collateral attacks.'" *Shaid*, 937 F.2d at 232 (citing *Frady*, 456 U.S. at 165-66). The Supreme Court has found that the cause and prejudice standard applies within the context of "inadvertent attorney errors as well as deliberate tactical decisions" in addition to "claims that may affect the truth finding function of the trial." *Shady*, 937 F.2d at 232 (citing *Smith v. Murray*, 477 U.S. 527, 533).

Furthermore, federal law does not impose binding Sentencing Guidelines on this Court. *United States v. Booker*, 543 U.S. 220, 222 (2005). "[The Sentencing Reform Act of 1984] makes the Guidelines effectively advisory, requiring a sentencing court to consider Guideline ranges, see § 3553(a)(4), but permitting it to tailor the sentence in light of other statutory concerns, see § 3553(a)." *Id.*

**VI. DISCUSSION**

This Section will address why an evidentiary hearing is unwarranted within the context of Petitioner's instant § 2255 Motion. In her § 2255 Motion, Petitioner made conclusory assertions that she was inadequately represented because her trial counsel failed to challenge her brother's allegedly false testimony against her. (Rec. Doc. 117 at 1). Petitioner also asserted that counsel's failure to challenge her brother's allegedly false testimony at trial led to an "illegal" sentence. (Rec. Doc. 117 at 1). Petitioner's grounds for alleged ineffective assistance of

7

counsel and her "illegal" sentence, and the reasons for which Petitioner's claims ultimately fail, will be discussed in this Section.

### i. § 2255 Evidentiary Hearing is not Required

Petitioner's instant § 2255 Motion does not require an evidentiary hearing. It is well established that, within the context of § 2255 Motions, "[e]videntiary hearings are not granted as a matter of course, but are held only when a defendant alleges sufficient facts which, if proven, would justify relief." *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983). In other words, "[w]hen the files and records of the case make manifest that lack of merit of a Section § 2255 claim, the trial court is not required to hold an evidentiary hearing." *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. 1981). Furthermore, the district court has full discretion to deny a defendant an evidentiary hearing. *United States v. Blackburn*, 9 F.3d 353, 358 (5th Cir. 1993). Here, Petitioner does not refute her guilt. Rather, Petitioner has maintained her guilt since her re-arraignment and has not attempted to withdraw her guilty plea. Thus, in the instant case, there are no material facts in dispute. Furthermore, in her § 2255 Motion, Petitioner simply makes unsupported allegations that trial counsel failed to challenge alleged misinterpretations made by Petitioner's brother, and cites blatant misstatements of the law. (Rec. Doc. 117 at 1). Again,

such conclusory allegations and legal misstatements do not demonstrate the need for an evidentiary hearing. Accordingly, Petitioner has failed to show that there is any need for this Court to hold an evidentiary hearing in regard to her § 2255 Motion. For the reasons discussed, Petitioner's § 2255 Motion and request for an evidentiary hearing should be denied.

### ii. Ineffective Assistance of Counsel Based Upon Failure to Object to Brother's Allegedly False Testimony

Petitioner claims ineffective assistance of counsel based upon her trial counsel's alleged failure to adequately represent her. (Rec. Doc. 117 at 1). Specifically, Petitioner asserts that her trial counsel was ineffective for failing to challenge her brother's allegedly false testimony that maximized Petitioner's role in the IRS conspiracy for which Petitioner was charged. (Rec. Doc. 117 at 1). Here, Petitioner has the burden of showing that (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced her defense. *Strickland*, 466 U.S. at 687. In *Strickland*, the Court emphasized that "[i]f it is easier to dispose of an ineffectiveness claim on the ground of insufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697. Here, Petitioner fails to show that counsel's failure to challenge her brother's allegedly false testimony prejudiced her defense. (Rec. Doc. 117 at 1). The Fifth Circuit has found that "[c]onclusional allegations [of deficient performance]

9

are insufficient" for purposes of the two-prong *Strickland* test. *United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007). In this instance, Petitioner relies on baseless and conclusory statements so that her § 2255 Motion entirely fails to support her assertion of ineffective assistance of counsel. (Rec. Doc. 117-1). Petitioner argues that counsel failed to challenge her brother's allegedly false testimony, thus resulting in her increased sentence. Petitioner, however, provides no explanation as to how counsel's failure to object to her brother's said testimony impacted her sentencing. Petitioner has thus failed to prove that her trial counsel's allegedly deficient performance prejudiced her defense at trial.

Furthermore, some Circuits have found that a defendant's sworn testimony that she was satisfied with her counsel's representation is sufficient to bar a claim of ineffective assistance of counsel. *See, e.g. United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005). In *Lemaster*, the United States Court of Appeals for the Fourth Circuit determined that, absent any "extraordinary circumstances," a district court should dismiss a § 2255 Motion relying on allegations that contradict sworn statements. *Id.*

Accordingly, Petitioner's ineffective assistance of counsel claim does not satisfy the *Strickland* test set out by the Supreme Court and Petitioner cannot prevail on her claim on this basis. For

the reasons discussed, Petitioner's § 2255 Motion as it pertains to ineffective assistance of counsel must be denied.

### iii. Alleged Illegal Sentence Imposed by this Court

In her § 2255 Motion, Petitioner asserts that her sentence was "illegal," and that she received an improper guideline sentence in violation of the Sixth Amendment. (Rec. Doc. 117 at 1). Petitioner fails to cite any legal authority for this assertion. (Rec. Doc. 117 at 1). Here, Petitioner has raised a constitutional issue for the first time on collateral review, thus Petitioner must establish both cause for her procedural default, and that actual prejudice has resulted from the error of which she complains. *Shaid*, 937 F.2d at 232. Here, Petitioner fails to demonstrate that she has suffered any "actual prejudice" resulting from the alleged violations that she claims, thus it is unnecessary to determine whether Petitioner has shown cause. *See Frady*, 456 U.S. at 168.

In this case, Petitioner's sentence was not "illegal" in any sense. Petitioner knowingly and voluntarily entered a guilty plea to Conspiracy to Defraud the Government with Respect to Claims in violation of 18 U.S.C. § 286, a crime that may result in a maximum of ten years imprisonment. (Rec. Doc. 16). Petitioner's PSR calculated the correct guideline range of 33 to 41 months imprisonment for the offense, and Petitioner was subsequently sentenced to 41 months imprisonment. (Rec. Doc. 90 at 2).

Petitioner's term of 41 months imprisonment did not exceed the statutory maximum nor the recommended guideline range for Petitioner's offense. *See* 18 U.S.C. § 286. Finally, it should be noted that Petitioner did not object to her sentence, nor appeal her sentence to the Fifth Circuit. (Rec. Doc. 121).

Accordingly, Petitioner has failed to show that her sentence of 41 months imprisonment pursuant to 18 U.S.C. § 286 is improper or "illegal" in any way. For the reasons discussed, Petitioner's § 2255 Motion as it pertains to alleged improper sentencing must be denied.

**VII. CONCLUSION**

As previously addressed, there is no need to hold an evidentiary hearing in regard to this § 2255 Motion to further develop the record because Petitioner has maintained her guilt, has not attempted to withdraw her guilty plea, and has failed to show that there are any disputed material facts. Further, Petitioner's claim of ineffective assistance of counsel and improper sentencing in her § 2255 Motion both fail to meet the requisite standards of *Strickland* and "cause and prejudice." Petitioner's claim of ineffective assistance of counsel fails because Petitioner did not show that counsel's performance prejudiced her defense in any way. Petitioner's contention that she was improperly sentenced fails because her 41 months imprisonment term does not exceed the statutory maximum nor the

recommended guideline range for Petitioner's offense. In light of Petitioner's aforementioned claims, **IT IS ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct her sentence is **DENIED**.

New Orleans, Louisiana, this 22nd day of February, 2016.

_____
UNITED STATES DISTRICT JUDGE